### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHRYN L. SOUDERS | : |
| 1397 Arundel Way | : CIVIL TRIAL DIVISION |
| Bensalem, PA 19020 | : |
| Plaintiff | : JURY TRIAL DEMANDED |
| | : |
| vs. | : NO. |
| | : |
| NEXTGEN HEALTHCARE INFORMATION | : |
| SYSTEMS, INC. | : |
| 795 Horsham Road | : |
| Horsham, PA 19044 | : |
| and | : |
| QSI MANAGEMENT, LLC | : |
| 795 Horsham Road | : |
| Horsham, PA 19044 | : |
| and | : |
| QUALITY SYSTEMS, INC. | : |
| 795 Horsham Road | : |
| Horsham, PA 19044 | : |
| Defendants | : |

### **CIVIL ACTION COMPLAINT**

### **PARTIES**

1. Plaintiff, Kathryn L. Souders, is an adult individual residing at 1397 Arundel Way, Bensalem, PA 19020.

2. Defendant, Nextgen Healthcare Information Systems, Inc. ("Nextgen"), is a corporation or other entity that maintains a principal place of business or registered office at 795 Horsham Road, Horsham, PA 19044.

3. Defendant, QSI Management, LLC. ("QSI Management"), is a corporation or other entity that maintains a principal place of business or registered office at 795 Horsham Road, Horsham, PA 19044.

4. Defendant, Quality Systems, Inc. ("QSI"), is a corporation or other entity that maintains a principal place of business or registered office at 795 Horsham Road, Horsham, PA 19044.

## JURISDICTION

5. This is a civil action arising under the laws of the United States and is brought pursuant to the American with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. (hereinafter "ADA"), 42 U.S.C. §1981a, and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (hereinafter "FLSA"). . This Court also has jurisdiction of the claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343.

6. This Court also has pendent and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367. These claims are brought pursuant to the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. (hereinafter "PHRA"), the Pennsylvania Minimum Wage Act, 43 P.S. §333.101 et seq. (hereinafter "PMWA"), and Pennsylvania's Wage Payment and Collection Law, 43 P.S. §260.1 et seq. (hereinafter "WPCL").

## VENUE

7. Defendants transact business in and/or are found in this district.

## FACTUAL BACKGROUND

8. Plaintiff suffers from anorexia nervosa, an eating disorder, and as a result is disabled within the meaning of the ADA.

9. On or about January 9, 2012 Plaintiff began working at Defendants' Horsham location.

10. Plaintiff was hired to work forty hours per week and was told that her hours would be 8:30 am - 5:30 pm Monday-Friday with a one hour lunch break.

11. On or about April 2, 2012, Plaintiff was called to a meeting with her manager, Karen Bollinger ("Bollinger").

12. At the meeting Bollinger discussed, inter alia, Plaintiff's work performance and the fact that Plaintiff had scheduled eight medical appointments during business hours during her first twelve weeks of work.

13. On or about April 16, 2012 Bollinger sent Plaintiff an email containing her summary of the April 2, 2012 meeting.

14. On or about April 18, 2012 Plaintiff met with Nancy Murphy (HR) ("Murphy") to discuss her concerns about the email and her April 2, 2012 discussion with Bollinger.

15. Plaintiff explained that she was regularly required to work through lunch, was rarely allowed to get food to eat, and was regularly required to work hours well in excess of the forty hours per week for which she was hired without any additional compensation.

16. Plaintiff also explained that the extra hours prevented her from attending necessary medical appointments which are scheduled in the evening.

17. Plaintiff explained her disability and told Murphy that all of the above was negatively affecting her health.

18. Plaintiff also told Murphy that Bollinger complained about her attending medical appointments, regularly talked down to Plaintiff, called Plaintiff aloof and stated that Plaintiff made her want to drink.

19. Murphy then told Plaintiff that she was a new employee not covered under the FMLA.

20. Plaintiff responded that she did have rights under the ADA and FLSA.

21. In response, Murphy told Plaintiff to give her the doctor's notes in the future.

22. Murphy also suggested that Plaintiff discuss the remainder of her concerns with Bollinger directly.

23. Plaintiff took Murphy's advice and scheduled a meeting with Bollinger for the following day.

24. On or about April 19, 2012 Plaintiff met with Bollinger who was accompanied by Elizabeth McHugh (HR) ("McHugh").

25. After discussing her concerns, McHugh told Plaintiff she was discharged.

26. At all times material hereto defendants were acting by and through their respective duly appointed employees, agents, servants and/or workmen who were acting within the course and scope of said agency and/or employment relationship with the express and/or implied permission of the defendants.

27. Plaintiff received a "Right to Sue" letter on or about May 1, 2012. (*See,* letter from EEOC dated April 30, 2012 attached hereto as Exhibit "A," indicating that the filing of this civil action is proper at this time.)

### COUNT - I
### PLAINTIFF v. DEFENDANTS
### PLAINTIFF'S CLAIMS UNDER THE ADA

28. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 27 inclusive as fully as though the same were herein set forth at length.

29. Plaintiff suffers from a disability within the meaning of the ADA.

30. Despite the disability, plaintiff was capable of performing the essential functions of the position for which she was hired.

31. Plaintiff's conversation with Murphy constitutes a request for a reasonable accommodation under the ADA.

32. Defendants' conduct, as outlined above, including, but not limited to, giving plaintiff a poor performance review for attending necessary medical appointments, harassing plaintiff, and discharging plaintiff after requesting a reasonable accommodation to allow her to attend necessary medical appointments without reprisal constitutes unlawful disability discrimination in violation of the ADA.

33. Defendants' conduct, as outlined above, including, but not limited to, giving plaintiff a poor performance review for attending necessary medical appointments, harassing plaintiff, and discharging plaintiff after asserting her rights under the ADA and/or requesting a reasonable accommodation to allow her to attend necessary medical appointments without reprisal constitutes unlawful retaliation in violation of the ADA.

34. As a direct result of Defendants' unlawful and wrongful conduct, plaintiff has suffered substantial economic harm including, *inter alia*, lost wages and benefits.

35. In addition, Defendants' discriminatory conduct has caused plaintiff significant emotional distress.

36. Further, said discrimination was with willful, intentional, outrageous, and/or in flagrant disregard of the provisions of the ADA thereby entitling plaintiff to punitive damages.

## COUNT - II
## PLAINTIFF v. DEFENDANTS
## PLAINTIFF'S CLAIMS UNDER THE PHRA

37. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 36 inclusive as fully as though the same were herein set forth at length.

38. Defendants' conduct, as outlined above, including, but not limited to, giving plaintiff a poor performance review for attending necessary medical appointments, harassing plaintiff, and discharging plaintiff after requesting a reasonable accommodation to allow her to attend necessary medical appointments without reprisal constitutes unlawful disability discrimination in violation of the PHRA.

39. Defendants' conduct, as outlined above, including, but not limited to, giving plaintiff a poor performance review for attending necessary medical appointments, harassing plaintiff, and discharging plaintiff after asserting her rights under the PHRA and/or requesting a reasonable accommodation to allow her to attend necessary medical appointments without reprisal constitutes unlawful retaliation in violation of the PHRA.

40. As a direct result of defendants' unlawful and wrongful conduct, plaintiff has suffered substantial economic harm including, *inter alia*, lost wages and benefits.

41. In addition, defendants' unlawful conduct has caused plaintiff significant emotional distress.

**COUNT - III**
**PLAINTIFF v. DEFENDANTS**
**PLAINTIFF'S CLAIMS UNDER THE PMWA**

42. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 41 inclusive as fully as though the same were herein set forth at length.

43. Defendant's conduct, as outlined above, including, but not limited to, requiring plaintiff to regularly work in excess of forty hours per week without additional compensation violates the PMWA.

44. Defendant's failure to compensate plaintiff for all hours worked violates the PMWA.

45. As a direct result of defendant's unlawful and wrongful conduct, plaintiff has suffered substantial economic harm including, *inter alia*, unpaid overtime wages.

**COUNT - IV**
**PLAINTIFF v. DEFENDANTS**
**PLAINTIFF'S CLAIMS UNDER THE WPCL**

46. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 45 inclusive as fully as though the same were herein set forth at length.

47. Defendant's failure to pay plaintiff all overtime wages when due violates the WPCL.

48. As a direct result of defendant's unlawful and wrongful conduct, plaintiff has suffered substantial economic harm including, *inter alia*, unpaid wages.

49. As a result of Defendant's failure to pay all wages when due plaintiff is entitled to an award of liquidated damages.

## COUNT - V
## PLAINTIFF v. DEFENDANTS
## PLAINTIFF'S CLAIMS UNDER THE FLSA

50. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 49 inclusive as fully as though the same were herein set forth at length.

51. Defendant's conduct, as outlined above, including, but not limited to, discharging plaintiff after asserting her rights under the FLSA constitutes unlawful retaliation in violation of the FLSA.

52. As a direct result of defendant's unlawful and wrongful conduct, plaintiff has suffered substantial economic harm including, *inter alia*, lost wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff seeks damages to the extent that he has been harmed by defendants' unlawful and wrongful conduct and specifically prays that the Court grant the following relief:

A.  Enter an Order compelling defendants to reinstate plaintiff to her former position with all accrued seniority and benefits so as to put plaintiff in the same position as though she was never discharged;

B.  Award to plaintiff back salary, fringe benefits, front pay, and other allowable damages, together with prejudgment interest pursuant to the ADA, PHRA and FLSA;

C.  Award to plaintiff compensatory damages pursuant to the ADA and PHRA;

  D. Award to plaintiff punitive damages pursuant to the ADA;

  E. Award to plaintiff unpaid overtime wages pursuant to the PMWA;

  F. Award to plaintiff liquidated damages pursuant to the FLSA and the WPCL; and,

  G. Award to plaintiff and her counsel attorney's fees, costs and disbursements pursuant to the ADA, PHRA, PMWA, WPCL and FLSA; and,

  H. Any other relief that this Court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

            Respectfully Submitted,

            By: /s/ Bruce Preissman
              Bruce Preissman
              I.D.# 69996
              1032 Mill Creek Drive, Suite 204
              Feasterville, PA  19053
              (215) 322-6990